## UNITED STATES DISTRICT COURT

## FOR THE

## MIDDLE DISTRICT OF LOUISIANA

EDWIN SYKES

       *Plaintiff*

**v.**

FORD MOTOR COMPANY

       *Defendant*

CIVIL ACTION NO:

**JURY TRIAL REQUESTED**

## COMPLAINT

### I. Parties

1. Plaintiff, **EDWIN SYKES**, now and has been at all times material hereto a resident of the State of Louisiana.

2. Defendant, **FORD MOTOR COMPANY**, hereinafter "Defendant", is a foreign corporation incorporated in the State of Delaware whose principle place of business is in Michigan and whose agent for service of process is CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, LA 70816, in East Baton Rouge Parish, State of Louisiana.

### II. Jurisdiction

3. This Court has jurisdiction over the lawsuit because the suit arises under the Magnusson-Moss Warranty Act, 15 U.S.C. §2310(d). The amount in controversy exceeds $50,000.00, exclusive of costs and interest.

This Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 as said claims are so related to the claims within this Court's original jurisdiction

that they form part of the same case or controversy under Article 3 of the United States Constitution.

### III. Venue

4. Venue is proper in this District under 28 U.S.C. §1391(b)(2) as it is the Judicial District in which a substantial part of the events or omissions giving rise to the claim occurred.

### IV. Conditions Precedent

5. All conditions precedent have been performed or have occurred.

### V. Facts

#### A. *The Transaction*

6. On October 29, 2016, Plaintiff purchased a **2016 LINCOLN MKX** bearing vehicle identification number **1FMCU0GX4GUB52642**, hereinafter "Vehicle" from Robinson Brothers Ford Lincoln, LLC in Baton Rouge, Louisiana. The Vehicle was purchased primarily for Plaintiff's personal use. The sales contract was presented to Plaintiff and executed at the dealership.

7. The price of the Vehicle was $52,096.00, exclusive of finance charges, taxes, fees and interest.

#### B. *Implied Warranties*

8. As a result of the sale of the Vehicle to Plaintiff, an implied warranty of merchantability arose in the transaction which included the guarantee that the Vehicle would pass without objection in the trade under the contract description and that the Vehicle was fit for the ordinary purpose for which such motor vehicles are purchased.

9. Subsequent to the sale, the implied warranty arose in connection with the repairs performed by the Defendant. Specifically, the Defendant warranted that the repair work had been performed in a good and workmanlike manner.

2

**C.** *Express Warranties*

10. In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made, including that any malfunction in the Vehicle occurring during a specified warranty period resulting from defects in material or workmanship would be repaired, and that repair work on the Vehicle had, in fact, repaired the defects.

11. Plaintiff's purchase of the Vehicle was accompanied by express warranties offered by the Defendant, **FORD MOTOR COMPANY**, and extended to Plaintiff. These warranties were part of the basis of the bargain of Plaintiff's contract to purchase the Vehicle.

12. The basic warranty covered any repairs or replacements needed during the warranty period due to defects in factory materials or workmanship. Any required adjustments would also be made during the basic coverage period. All warranty repairs and adjustments, including parts and labor, were to be made at no charge. Additional warranties were set forth in the Defendant's warranty booklet and owner's manual.

**D.** *Actionable Conduct*

13. In fact, when delivered to Plaintiff, the Vehicle was defective in materials and workmanship, with such defects being discovered within the warranty periods. A number of defective conditions have occurred since the purchase. Such defects include but are not limited to the descriptions within the following facts as presented by Plaintiff:

    a. On or about December 1, 2016, I tendered the Vehicle to Robinson Brothers with complaints that loud rattling, knocking and vibration noises were emanating from various areas of the Vehicle, including the dashboard and underside of the car. Unfortunately, they were unable to fix the problems.

b. On January 25, 2017, I brought the Vehicle back to Robinson Brothers again with complaints that loud rattling, knocking and vibration noises were emanating from various areas of the Vehicle, including the dashboard and underside of the car. Service technicians verified the complaints and noted the sounds increased with speed. Technicians took steps to address the complaints and returned the Vehicle to me **thirteen days** later in an allegedly repaired condition.

c. On February 9, 2017, I tendered the Vehicle to Robinson Brothers a third time with complaints that loud rattling, knocking and vibration noises were emanating from various areas of the Vehicle, including the dashboard and underside of the car. Service technicians verified the complaints, took steps to repair same, and returned the Vehicle to me, saying it was fixed.

d. On February 24, 2017, I tendered the Vehicle to Robinson Brothers a fourth time with complaints that loud rattling, knocking and vibration noises were emanating from various areas of the Vehicle, including the dashboard and underside of the car. Service technicians again verified the complaints, took steps to repair same, and returned the Vehicle to me in an allegedly repaired condition **fifteen days** later.

e. On June 8, 2017, I tendered the Vehicle to Robinson Brothers a fifth time with complaints that loud rattling, knocking and vibration noises were emanating from various areas of the Vehicle, including the dashboard, rear area, and underside of the car. Service technicians again verified the complaints, took steps to repair same, and returned the Vehicle to me in an allegedly repaired condition **nineteen days** later.

f. On July 1, 2017, I again tendered the Vehicle to Robinson Brothers with complaints that loud rattling, knocking and vibration noises were emanating from various areas of

4

the Vehicle. Service technicians verified the complaints, took steps to repair same, and returned the Vehicle to me eighteen days later, again saying it was fixed.

g.  On September 14, 2017, I again tendered the Vehicle to Robinson Brothers a seventh time with complaints that loud rattling, knocking and vibration noises were emanating from various areas of the Vehicle. I also complained that loud thumping noises were coming from the passenger-side wheels. Service technicians were unable to verify the complaints with the wheels but all other complaints were verified. Technicians took steps to repair same and returned the Vehicle to me in an allegedly repaired condition **fourteen days** later.

h.  On October 23, 2017, I tendered the Vehicle to Robinson Brothers for the seventh time with complaints that loud rattling, knocking and vibration noises were emanating from various areas of the Vehicle, including the dashboard and underside of the car. Service technicians again verified the complaints, took steps to repair same, and returned the Vehicle to me in an allegedly repaired condition **seventy three days** later.

14.  Since purchase, Plaintiff has tendered the Vehicle to Defendant and/or its authorized warranty service dealers for attempted repairs on **eight** separate occasions. On each such occasion, Plaintiff was without use of the Vehicle for an extended period of time, such time now totaling approximately **150 days**. However, the defective conditions remain.

15.  The defects experienced by Plaintiff with the Vehicle substantially or completely impair its use, value and safety.

16.  Plaintiff directly notified the Defendant and through its authorized warranty service dealers of the defective conditions of the Vehicle on several occasions. Plaintiff further notified Defendant and its authorized warranty service dealers that he desired a rescission of the sale of the

5

Vehicle. Nevertheless, Defendant has and continues to have failed and refused to buy back Plaintiff's defective Vehicle.

## COUNT 1: VIOLATIONS OF LOUISIANA REDHIBITION LAWS

17. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

18. The Vehicle is a "thing" under La. Civil Code Articles 2520, et seq.

19. Defendant, **FORD MOTOR COMPANY**, is a "manufacturer" under La. Civil Code Articles 2520, et seq.

20. **ROBINSON BROTHERS FORD LINCOLN, LLC**, is a "seller" under La. Civil Code Articles 2520, et seq.

21. **EDWIN SYKES** is a "buyer" under La. Civil Code Articles 2520, et seq.

22. The defects described in the **2016 LINCOLN MKX** meet the definition of redhibitory defects as defined in La. Civil Code Articles 2520, et seq.

23. Plaintiff provided the Defendant sufficient opportunity to repair the defective Vehicle.

24. Plaintiff has performed each and every duty required of them under Louisiana Redhibition Laws, except as may have been excused or prevented by the conduct of the Defendant, as herein alleged.

25. The hidden defects in the Vehicle existed at the time of sale, but were not discovered by Plaintiff until after delivery. Neither Plaintiff nor a reasonable buyer would have purchased the Vehicle had they known of the defects in it prior to the sale.

26. Defendant's conduct constitutes a breach of the implied warranties contained under Louisiana Redhibition Law and entitles Plaintiff to a rescission of the sale and return of purchase

price plus all collateral costs of the sale including financing charges, insurance premiums and other out of pocket expenses incidental to and in connection with the sale.

27. Under Louisiana Redhibition Laws, Plaintiff is further entitled to recover a sum equal to the aggregate amount of costs and expenses, including Attorney Fees if Plaintiff prevails. As a result of Defendant's misconduct and breach alleged herein, and in an effort to protect their rights and enforce the terms of the agreement set forth above, it has become necessary for Plaintiff to employ the legal services of Drew Nordgren of The Nordgren Law Firm, LLC. Plaintiff has and continues to incur legal fees, costs and expenses in connection therewith.

**COUNT 2: VIOLATION OF THE MAGNUSSON-MOSS WARRANTY ACT**

28. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

29. **EDWIN SYKES** is a "consumer" as defined by the Magnuson-Moss Warranty Act (hereinafter "WARRANTY ACT"), 15 U.S.C. §2301(3).

30. Defendant, **FORD MOTOR COMPANY**, is a "supplier" and "warrantor" as defined in the WARRANTY ACT, 15 U.S.C. §2301(4) and (5).

31. The **2016 LINCOLN MKX** is a "consumer product" as defined by the WARRANTY ACT, 15, U.S.C. §2301(1), because it is normally used for personal purposes and Plaintiff in fact purchased it wholly or primarily for personal use.

32. The express warranties pertaining to the **2016 LINCOLN MKX** are a "written warranty" as defined in the WARRANTY ACT, 15 U.S.C. §2301(6).

33. The actions of Defendant, **FORD MOTOR COMPANY**, in failing to tender the Vehicle to Plaintiff free of defects and failing on multiple occasions to repair and of failure to

replace said Vehicle constitutes a breach of the written and implied warranties under the WARRANTY ACT and is thus a violation of the Magnuson-Moss Warranty Act.

34. Plaintiff has performed all things agreed to and required of them under the sales contract and warranty terms, except as may have been excused or prevented by the conduct of Defendant, **FORD MOTOR COMPANY**, herein alleged.

35. As a direct and proximate result of the acts and omissions of Defendant, **FORD MOTOR COMPANY**, Plaintiff has been damaged in an amount in excess of $50,000.00 according to proof at trial.

36. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2310(d)(2), Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiff prevails. As a result of Defendant's misconduct and breach alleged herein, and in an effort to protect their rights and enforce the terms of the agreement set forth above, it has become necessary for Plaintiff to employ the legal services of Drew Nordgren of The Nordgren Law Firm, LLC. Plaintiff has and continues to incur legal fees, costs and expenses in connection therewith.

**E.** *Damages*

37. The conduct described above has been and is a producing and proximate cause of damages to plaintiff.

38. Plaintiff's damages include rescission of the sale, including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, damages together with applicable penalties and attorney fees allowed by law, with legal interest upon the entire sums awarded from date of judicial demand, until paid, and for all costs of these proceedings.

39. The damages Plaintiff has suffered as a direct and proximate result of Defendant's acts and omissions exceed $50,000.00.

## F. *Request for Rescission*

40. Plaintiff seeks the remedy of rescission of the sales contract.

41. Plaintiff revokes his acceptance of the **2016 LINCOLN MKX** for the reason that its defects substantially impair its use, value and safety to Plaintiff and the acceptance was based on Plaintiff's reasonable reliance on the false representations and warranties of the Defendant, **FORD MOTOR COMPANY**, that the **2016 LINCOLN MKX** would be free from defects or that the defects in the Vehicle would be repaired and that no reasonable buyer would have purchased the **2016 LINCOLN MKX** with knowledge of these defects prior to the sale. Accordingly, Plaintiff seeks a cancellation of the sales contract and an order of the court restoring to them the money obtained by Defendant, **FORD MOTOR COMPANY**, as a result of the false representations and breaches of express and implied warranties as set forth above. Plaintiff also seeks cancellation of the debt and offers to return the Vehicle to Defendant.

## G. *Attorney Fees and Costs*

42. Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney fees, if Plaintiff prevails. As a result of Defendant's misconduct and breach alleged herein, and in an effort to protect their rights and enforce the terms of the agreement set forth above, it has become necessary for Plaintiff to employ the legal services of Drew Nordgren of The Nordgren Law Firm, LLC. Plaintiff has and continues to incur legal fees, costs and expenses in connection therewith.

**H.** *Prayer for Relief*

43. For these reasons, Plaintiff prays for judgment against Defendant, **FORD MOTOR COMPANY**, for the following:

a. For general, special and actual damages according to law;

b. Rescinding the October 29, 2016, sale of the **2016 LINCOLN MKX** bearing vehicle identification number **1FMCU0GX4GUB52642**, and returning to Plaintiff the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs and damages;

c. For incidental and consequential damages according to law;

d. Out of pocket damages for expenditures related to any cost of repairs, deductibles and towing charges;

e. Any diminution in value of the Vehicle attributable to the defects;

f. Past and future economic losses;

g. Prejudgment and post-judgment interest;

h. Attorney fees;

i. Costs of suit, expert fees and litigation expenses; and

j. All other relief this Honorable Court deems appropriate.

**I.** *Demand for Jury Trial*

44. Plaintiff hereby demands a trial by jury to the extent authorized by law.

*Signature Line on Following Page*

Respectfully Submitted:

*The Nordgren Law Firm, LLC*
341 Saint Charles Street
Baton Rouge, Louisiana 70802
t: 225.383.0101
f: 225.361.8951
e: drew@louisianacounsel.com


  /s/ Drew Nordgren

Drew Nordgren
     Bar Roll No. 35268
*Attorney for Plaintiff,*
     Edwin Sykes